ROBERT EARL TAYLOR v. TRIANGLE PORSCHE-AUDI, INC., A NORTH CAROLINA CORPORATION

No. 7515SC555

(Filed 17 December 1975)

1. **Rules of Civil Procedure § 7; Judgments § 32— motion to set aside default judgment — amendment — allegation of rule number**

   The trial court did not abuse its discretion in permitting defendant to amend its motion to set aside a default judgment by including the rule number under which it was proceeding.

2. **Appearance § 1; Judgments § 14; Rules of Civil Procedure § 55— service agent's letter to clerk — appearance — notice of hearing on default judgment**

   A letter from defendant's registered service agent to the clerk of court denying that he was still defendant's service agent constituted an appearance by defendant under Rule 55(b)(2); therefore, plaintiff was required to give defendant at least three days' notice of a hearing before a judge of an application for default judgment, and the default judgment must be vacated where plaintiff gave defendant no notice of the hearing.

3. **Judgments § 2— time of default judgment — entry out of session and out of county — absence of defendant's consent**

   Default judgment was not entered in open court where the court directed plaintiff's attorney to take notes and incorporate them in a judgment and the only entry in the clerk's minutes was a notation that plaintiff's attorney was to prepare the judgment, and default judgment signed by the special judge out of session and out of county was void since defendant did not consent thereto. G.S. 1A-1, Rule 58; G.S. 7A-45(c).

4. **Fraud § 13; Unfair Competition — sale of car — misrepresentation of model year — rescission — treble damages**

   Plaintiff was not entitled to treble damages under G.S. 75-16 where he sought to rescind the sale of a car and to recover the sale price on the ground the year model of the car had been misrepresented by the seller.

5. **Judgments § 19; Rules of Civil Procedure § 60— motion to vacate default judgment — allegation of mistake, surprise, excusable neglect — vacation for irregularities**

Although defendant's motion to vacate a default judgment stated as grounds therefor mistake, surprise and excusable neglect, the trial court properly based his order vacating the default judgment on irregularities in its rendition which were revealed to the court by the pleadings and records and by plaintiff's counsel. G.S. 1A-1, Rule 60(b)(6).

APPEAL by plaintiff from *Alvis, Judge.* Judgment entered 4 April 1975 in Superior Court, ORANGE County. Heard in the Court of Appeals 17 October 1975.

In his Complaint filed 3 February 1975, plaintiff alleges that he purchased an automobile from the defendant on 14 August 1974; that defendant misrepresented the vehicle as a 1971 Porsche when in fact it was a 1970 model; that he relied on the representation and purchased the car for the sum of $4,600; that he suffered actual damages in the sum of $4,600 and prays that this sum be trebled because it was a deceptive trade practice under G.S. 75-1.1; and that he recover the total sum of $13,800.

Summons was served upon Stewart Wallace, registered service agent for defendant, on 7 February 1975. In a verified letter to the Clerk of Superior Court on 12 February 1975, Wallace denied being defendant's service agent any longer though his name was still registered in the Secretary of State's office as defendant's service agent.

On 14 March 1975, entry of default was made by the clerk; on the same day plaintiff filed an application for default judgment and served a copy of the same upon defendant's registered agent, Stewart Wallace. At the March 17, 1975 Session of Superior Court, Presiding Judge Donald L. Smith held a hearing on the application on 20 March 1975 at which time it appears from the record that plaintiff offered evidence and made argument; thereupon Judge Smith, in open court, advised counsel for plaintiff to make notes and incorporate the notes into a judgment to be sent to him at his residence address in Wake County; that the judgment was drawn and mailed to Judge Smith on 21 March; that thereafter Judge Smith signed the Judgment and returned it to counsel for plaintiff. Though dated 20 March 1975, it was filed with the Court on 28 March 1975. In this judgment the court found actual damages in the sum of

Taylor v. Triangle Porsche-Audi, Inc.

$4,600, adjudged that this sum be trebled pursuant to G.S. 75-16 and that plaintiff recover of the defendant the sum of $13,800; and it was further ordered that upon satisfaction of the judgment, the plaintiff tender to defendant the 1970 Porsche automobile.

On 24 March 1975 defendant filed Answer and a motion to set aside the default judgment on the grounds of mistake, surprise and excusable neglect. Supporting the motion was the affidavit of Stewart Wallace; that he sold his interest in defendant corporation in 1974 and thought that upon sale he was no longer its process agent; and that he did not inform defendant of the service and process upon him until 20 March. The motion was heard before Judge Jerry Alvis in session on 4 April 1975. The Court allowed defendant to amend its motion to include the rule number under which it was proceeding and, after a hearing, ordered the default judgment set aside. From this order, plaintiff appeals.

*Winston, Coleman and Bernholz by Steven A. Bernholz for plaintiff appellant.*

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson by Robert B. Glenn, Jr., and E. C. Bryson, Jr., for defendant appellee.*

CLARK, Judge.

The order appealed from concluded that (1) the letter from Stewart Wallace, registered service agent, to the Clerk on 12 February 1975, constituted a general appearance under G.S. 1A-1, Rule 55, and defendant was entitled to notice of hearing of at least three days; (2) that the default judgment was void in that it was not entered with the consent of defendant and was not entered in open court under G.S. 1A-1, Rule 58; and (3) that there was nothing to support the award of treble damages pursuant to G.S. 75-16.

Plaintiff in his assignments of error takes the position that, first, Judge Alvis erred in considering defendant's motion to set aside the default judgment because the motion did not set out the rule number under which it was proceeding and in allowing defendant to amend to set out the rule number; and, second, that the default judgment was not void and Judge Alvis had no authority to set it aside.

[1] In its motion to set aside the default judgment, defendant stated as ground therefor, as required by G.S. 1A-1, Rule 7(b)(1), mistake, inadvertence, and excusable negligence, but defendant did not state the rule number under which it proceeded as required by Rule 6, General Rules of Practice for the Superior and District Courts. It is noted that Rule 1 of the General Rules, *supra*, provides: "These rules . . . shall at all times be construed and enforced in such manner as to avoid technical delay and to permit just and prompt consideration and determination of all the business before them." The Rules of Civil Procedure achieve their purpose of assuring a speedy trial by providing for and encouraging liberal amendments to the pleadings under Rule 15. *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972). The philosophy of Rule 15 should apply not only to pleadings but also to motions where there is no material prejudice to the opposing party. In interpreting Federal Rule 60 in a case involving a motion to vacate a judgment, the United States Supreme Court stated that a trial judge abuses his discretion when he refuses to allow an amendment unless justifying reasoning is shown. *Foman v. Davis,* 371 U.S. 178, 9 L.Ed. 2d 222, 83 S.Ct. 227 (1962). The trial judge not only has broad discretion in allowing amendments, but also has wide latitude in the manner of allowing the same. Shuford, N. C. Practice and Procedure, § 15-5, p. 136 (1975). In this case, the trial judge averted a decision on the basis of a mere technicality in allowing the defendant to amend his motion to set out the rule number under which it was proceeding and his action in so doing was in keeping with the spirit of the rules and was not an abuse of his discretion.

We turn now to consideration of the defects in the default judgment which Judge Alvis found in his order vacating the default judgment.

Entry of default was made by the Clerk on 14 March 1975. Entry of default under G.S. 1A-1, Rule 55(a) is the first step of a two-step process for obtaining judgment by default. The Clerk is required to make the entry if default is made to appear by affidavit or by any other appropriate proof, which may consist only of the record.

Default judgment by the Clerk is provided for by Rule 55(b)(1), is subject to the jurisdictional proofs required by G.S. 1-75.11, and is still controlled by G.S. 1-209(4) which em-

Taylor v. Triangle Porsche-Audi, Inc.

powers the Clerk to enter "all judgments by default and default and inquiry as are authorized by Rule 55 . . . . " Rule 55 does not provide for judgments by "default and inquiry" *per se* and in any event the rule authorizes the Clerk to enter only those judgments which would have been designated formerly as "default final." The entry of default and entry of default judgment by the Clerk may be simultaneous and can be contained in the same document. In this case, plaintiff did not seek a "default final" before the Clerk but instead sought in effect a "default final" from the Judge on the theory that his claim was for a sum certain.

[2]   Default judgment by the Judge is governed by both Rule 55(b)(2) and the jurisdictional proofs required by G.S. 1-75.11. If the party against whom default judgment is sought has appeared in the action, the party entitled to default judgment must apply to the Judge, and there must be service with written notice of the application for judgment at least three days before hearing. Did the defendant *appear*, within the meaning of Rule 55(b)(2), in this action? A party may appear without pleading. *Crawford v. Bank of Wilmington*, 61 N.C. 136 (1867). Negotiations between parties after institution of an action may constitute an appearance. *Highfill v. Williamson*, 19 N.C. App. 523, 199 S.E. 2d 469 (1973). The federal courts have interpreted the same provision in the Federal Rules broadly. See 6 Moore's Federal Practice, Para. 55.05(3) (1972) and cases cited, including *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491, 4 F.R. Serv. 2d 55 b. 21 (S.D. Tex. 1961) which held that a letter from defendant's officer to plaintiff indicating that his corporation was not in existence constituted an appearance. We hold that the letter from defendant's registered agent constituted an appearance under Rule 55(b)(2) and that as therein provided plaintiff was required to give at least three days' notice of the hearing on the application for default judgment. The failure to provide the notice of hearing requires that the default judgment be vacated. *Miller v. Belk*, 18 N.C. App. 70, 196 S.E. 2d 44 (1973).

Courts applying Federal Rule 55(b)(2), or state rules or statutes based thereon, are not in agreement as to the effect of a failure to give the required three-day notice of application for judgment by default. In some cases, such judgments have been held void as working a deprivation of due process; in other cases, such judgments have been viewed as irregular and voidable. Annot., 51 A.L.R. 2d 837 (1957).

[3]   If the default judgment was not entered in open court pursuant to Rule 58 after hearing on 20 March, but was entered when filed on 28 March after being signed by Judge Smith out-of-session and out-of-county, then he as a special judge was without authority to sign the judgment without the consent of the parties, and the judgment is void. G.S. 7A-45(c). *Shepard v. Leonard,* 223 N.C. 110, 25 S.E. 2d 445 (1943) ; *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576 (1942) ; 2 McIntosh, N. C. Practice and Procedure, § 1624, p. 64 (Supp. 1970). The only pertinent facts in the record on appeal relative to entry of the default judgment appear in the order appealed from wherein Judge Alvis found that "upon the conclusion of the hearing the presiding judge in open court . . . advised counsel for plaintiff to make notes and incorporate the notes into a Judgment to be prepared by counsel and to be sent to the judge out of session . . . which counsel did on March 21, 1975 . . . . " If we assume that the judge rendered judgment in open court, there was no entry of judgment because Rule 58 requires the judge to direct the clerk as to what notation shall be made, and the making of that notation constitutes the entry of judgment. If the clerk, though directed by the judge to do so, fails to make the entry of judgment, there is no final judgment from which an appeal will lie. *Sears v. Austin,* 282 F. 2d 340 (9th Cir. 1960). The only entry in the clerk's minutes is as follows: *"Taylor v. Triangle Porsche-Audi, Inc.* S. Judgment granted. S. Bernholz to prepare Judgment. Bernholz has court file to prepare Judg." There is nothing in the record on appeal to show that the judge directed the foregoing entry in the minutes; and the entry does not qualify as a notation of the court's decision constituting the entry of judgment within the meaning of Rule 58. We, therefore, conclude that the default judgment was not entered in session, and that the judge had no authority to thereafter sign it and direct entry. The judgment was irregular. *Menzel v. Menzel,* 250 N.C. 649, 110 S.E. 2d 333 (1959).

[4]   The order appealed from concluded that the pleadings did not support the award of treble damages. The complaint in substance alleges only a misrepresentation of the year model of the car, his reliance on it and purchase of the car, and damages in the sum of $4,600, trebled to $13,800 by G.S. 75-16. The default judgment provided for recovery of $13,800, and further provided that upon satisfaction of the judgment the plaintiff tender to the defendant the 1970 Porsche automobile. It is clear that plaintiff is seeking to rescind the sales contract and recover the

Taylor v. Triangle Porsche-Audi, Inc.

sales price of $4,600. He was not damaged, nor injured within the meaning of G.S. 75-16 so as to warrant treble damages, in the sum of $4,600.

> "When a person discovers that he has been fraudulently induced to purchase property he must choose between two inconsistent remedies. He may repudiate the contract of sale, tender a return of the property, and recover the value of the consideration with which he parted; or, he may affirm the contract, retain the property, and recover the difference between its real and its represented value. He may not do both. Once made, the election is final. . . . "
> *Bruton v. Bland,* 260 N.C. 429, 430, 132 S.E. 2d 910, 911 (1963).

In a recent case involving fraudulent representation in the sale of an automobile where the plaintiff elected to retain the car and recover as damages the difference between the real and represented value, treble damages under G.S. 75-16 was awarded. *Hardy v. Tolar,* 288 N.C. 303, 218 S.E. 2d 342 (1975).

A default judgment which grants plaintiff's relief in excess of that to which they are entitled upon the facts alleged in the verified complaint is irregular. 5 Strong, N. C. Index 2d, Judgments, § 19, p. 39 (1968).

[5] In the motion to vacate the default judgment, defendant stated as grounds therefor mistake, surprise and excusable neglect under Rule 60(b)(1). However, in the hearing on the motion other grounds were revealed to the court by the pleadings and records and by plaintiff's counsel relative to rendition and entry of the default judgment. Rule 60(b)(6) provides for relief from a default judgment for "any other reason justifying relief . . . . " Under the broad power of this clause an erroneous judgment cannot be attacked, but irregular judgments, those rendered contrary to the cause and practice of the court, come within its purview. Shuford, N. C. Practice and Procedure, § 60-11, p. 512 (1975). And although Rule 60 says that the court is to act "on motion," it does not deprive the court of the power to act in the interest of justice in an unusual case where its attention has been directed to the necessity for relief by means other than a motion. 3 Barron and Holtzoff, § 1322, p. 281 (Supp. 1972). *Sub judice,* Judge Alvis properly recognized the obvious irregularities in the default judgment and based his

order vacating the default judgment on these irregularities rather than on the ground of surprise and excusable neglect.

Affirmed.

Judges BRITT and PARKER concur.