FRED SHERMAN, JR. v. J. D. MYERS AND BETTY T. MYERS

No. 7521SC851

(Filed 17 March 1976)

**Rules of Civil Procedure § 60— motion to set aside summary judgment — failure to state rule and grounds**

Defendants' motion to set aside summary judgment against them was properly dismissed by the trial court where defendants stated neither the rule upon which they were proceeding nor the specific grounds upon which they sought relief.

APPEAL by defendants from *Seay, Judge.* Order entered 21 July 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 February 1976.

Plaintiff filed complaint seeking to recover on a $15,000 note given to him by defendants. Six months later, defendants answered and denied all material allegations. The answer was prepared by attorney Harrell Powell, Jr. Defendants answered plaintiff's interrogatories admitting that their signatures were on the note, that they had made only one payment, and that demand had been made upon them by plaintiff.

Plaintiff moved for summary judgment which was allowed by the court on 8 November 1974.

On 10 April 1975 defendants, represented by attorney Robert M. Bryant, moved to have the summary judgment set aside. They submitted affidavits to the effect that they had originally employed attorney G. Ray Motsinger to defend them; that Motsinger had been suspended from the practice of law and had turned the case over to attorney Powell without their consent or knowledge; that Powell had not consulted with them before filing the answer; that they had only met Powell when they signed their answers to plaintiff's interrogatories and that they had assumed that he was merely assisting attorney Motsinger; that they had not been notified of the summary judgment; and that they had no knowledge of the summary judgment until sometime in January of 1975. The affidavits also tended to show that defendants had a defense which was not pleaded: the defendants intended to sign the note as corporate officers, not as individuals. Powell's affidavit stated that he had always considered the case to be attorney Motsinger's and that Motsinger had instructed him not to assert all possible defenses against plaintiff.

A hearing was held before Judge Seay on 21 July 1975. From Judge Seay's order denying defendants' motion, defendants appealed.

*Badgett, Calaway, Phillips and Davis, by Richard G. Badgett, for plaintiff appellee.*

*A. Carl Penney, for defendant appellants.*

MARTIN, Judge.

Defendants first contend the court erred by failing to consider the merits of the defendants' motion pursuant to Rule 60 and, secondly, that the court erred in failing to make a proper or sufficient finding of fact in its order denying defendants' motion.

Rule 6 of the General Rules of Practice for the Superior Court, Supplemental to the Rules of Civil Procedure, provides in part, "All motions, written or oral, shall state the rule number, or numbers under which the movant is proceeding."

Defendants' motion makes no mention of Rule 60 of the Rules of Civil Procedure nor does it set forth any of the reasons enumerated in the Rule as grounds for relief from the summary judgment. It merely sets forth the defendants' contentions concerning the controversy and the chronology of the occurrences leading up to the entry of the summary judgment and subsequent thereto. It was therefore not procedurally permissible for Judge Seay to entertain the motion. It is apparent that the court did not understand on what theory the defendants were proceeding by the following comment which is a part of the record, to wit:

> "I just never heard of it before. It looks to me if you have a remedy at all it would be to seek certiorari to the Court of Appeals. I would be very reluctant about upsetting Judge Exum's judgment. I wasn't here, didn't hear the case argued before Judge Exum. I don't know what he considered at all."

While it is true that Judge Seay was aware that defendants were attempting to proceed pursuant to Rule 60, he was not required to hear and pass upon the motion which failed to state either the rule upon which they were proceeding or the specific

grounds upon which they sought relief. We therefore treat his denial of the motion as a dismissal and affirm the order.

Affirmed.

Judges BRITT and HEDRICK concur.