REBECCA GOODMAN WOOD v. VERNON L. WOOD

No. 93

(Filed 16 March 1979)

1. **Rules of Civil Procedure § 7— oral motion—same session as case is calendared**

An oral motion made in a case during the session of court at which the case was calendared is permitted by G.S. 1A-1, Rule 7.

2. **Rules of Civil Procedure §§ 7, 60.1— oral motion at session case is calendared —constructive notice**

Where an oral motion is appropriately made under G.S. 1A-1, Rule 7, the doctrine that a party to an action has constructive notice of all orders and motions made in the cause during which the cause is regularly calendared is preserved in G.S. 1A-1, Rules 6 and 7, and actual notice of the motion is not required to be given to the opposing party. Therefore, defendant was charged with constructive notice of plaintiff's oral motion under G.S. 1A-1, Rule 60(b) for relief from a divorce judgment entered at the same session of court.

3. **Rules of Civil Procedure § 7— failure to state rule number in motion**

A motion was not fatally defective because it failed to state the rule number under which the movant was proceeding as required by Rule 6 of the Rules of Practice for Superior and District Courts, since the purpose of the rule is to ensure that the court and parties are aware of the grounds upon which the movant is relying, and the court's order indicates that the court was fully aware of the basis for the motion.

4. **Judgments § 25.3— relief from judgment—negligence of attorney**

A party may be relieved from a judgment rendered against him as a result of the negligence of his attorney if the litigant himself was not at fault.

1

---

Wood v. Wood

---

5. **Rules of Civil Procedure § 60— relief from judgment to successful plaintiff**

   Relief from a judgment may be granted under G.S. 1A-1, Rule 60(b) to a successful plaintiff when adequate reason is shown.

6. **Judgments § 25.3; Rules of Civil Procedure § 60.2— relief from divorce judgment—excusable neglect—negligence of attorney**

   The trial court properly allowed plaintiff's motion to set aside a divorce judgment entered in her favor because of "excusable neglect" where plaintiff told her attorney that she wanted a divorce because her husband had committed adultery and left her; she explained to her attorney that she and defendant husband had already consented to a judgment for alimony in a prior action; the attorney negligently filed a complaint for divorce based on one year's separation; and the divorce judgment based on such complaint would have deprived plaintiff of the benefit of her alimony decree, since the negligence of counsel on these facts cannot be attributed to plaintiff even though she verified the complaint which was filed.

ON plaintiff's petition pursuant to G.S. 7A-31 for review of the decision of the Court of Appeals, 37 N.C. App. 570, 246 S.E. 2d 549, reversing order of *Alexander (Abner), J.*, entered 20 May 1977 in FORSYTH District Court. Docketed and argued as case No. 118 at Fall Term 1978.

Plaintiff instituted this action on 17 March 1977 by filing a complaint asking for absolute divorce based on one year's separation. She also asked that the court incorporate into any decree for divorce a 4 December 1975 consent judgment between her and defendant settling their differences with regard to child custody, child support and alimony. The complaint was verified by plaintiff and signed by her attorney, Harold R. Wilson.

On 17 March 1977 Harold R. Wilson and John F. Morrow were partners, but Morrow had previously notified Wilson that he was withdrawing from the partnership on the last day of the month.

On 15 April 1977 defendant went to Morrow at his new office and asked him to attempt to obtain a reduction in the alimony and support payments which he was making. He exhibited to Morrow the divorce complaint which had been served on him. Morrow advised him not to answer the complaint and informed him that after the divorce was granted he could file a motion to terminate the alimony award. Defendant did not answer the complaint.

The case was calendared for trial at the 16 May 1977 Session of the Court and on Monday, 16 May 1977, a judgment granting

Wood v. Wood

plaintiff an absolute divorce was entered. Morrow notified defendant that the divorce had been granted and that he could then file his motion seeking termination of alimony. Said motion was filed on Thursday, 20 May 1977, at 10:43 a.m.

The evidence in the record tends to show, however, that earlier that same morning plaintiff through counsel had moved that the court vacate the divorce judgment. The record does not reveal the authority upon which plaintiff based her motion. Plaintiff's motion was granted during the same session the divorce judgment was entered and the court's order vacating the divorce judgment was filed Thursday, 20 May 1977, at 11:19 a.m. No actual notice of plaintiff's motion or of the court's order was given to defendant. Later the same day defendant moved that the court's order vacating the divorce be stricken. The court ordered that a hearing on this motion be held and plaintiff was notified of the hearing.

On 23 May 1977 plaintiff filed a notice of voluntary dismissal pursuant to Rule 41 of the Rules of Civil Procedure; the notice was served on defendant's counsel. On 26 May 1977 Morrow withdrew from the case due to a possible conflict of interest and Fred G. Crumpler was substituted as defendant's counsel. On 31 May 1977 plaintiff moved that the court strike all pleadings in the case filed by Morrow. Following these procedural steps the court, at a date which cannot be ascertained from the record, held a hearing on the various motions in the case. Testimony was offered and arguments were made by both parties to the action.

On 6 June 1977 the court entered an order denying defendant's motion to set aside the order striking the divorce judgment. The court also denied defendant's motion to terminate alimony and plaintiff's motion to strike the pleadings filed by John F. Morrow.

The Court of Appeals (Morris, J., with Hedrick and Webb, JJ., concurring) reversed the trial court's order vacating the divorce decree and remanded the case for a hearing on plaintiff's motion after proper notice to defendant. Plaintiff's motion for discretionary review was granted by this court.

Wood v. Wood

*Wilson and Redden, by Harold R. Wilson, for plaintiff-appellant.*

*White and Crumpler, by Fred G. Crumpler, G. Edgar Parker, V. Edward Jennings, Jr., and David R. Tanis, for defendant-appellee.*

BRITT, Justice.

Did the trial court err in entering its order vacating the divorce judgment entered at the same session of the court without actual notice to defendant and without a hearing? We hold that it did not.

In its opinion the Court of Appeals declined to consider the question posed in the light of Rule 60 of the Rules of Civil Procedure but quoted extensively from *Hagins v. Redevelopment Commission*, 275 N.C. 90, 165 S.E. 2d 490 (1969). Inasmuch as the Rules of Civil Procedure were not in effect at the time *Hagins* was decided, we prefer to review the case at hand in the light of these rules.

G.S. 1A-1, Rule 60, is entitled "Relief from Judgment or Order". Rule 60(b) provides as follows:

"(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is

based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this section does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. *The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action.* (Emphasis ours.)

[1] Rule 60(b) makes no express provisions for the manner in which a motion thereunder must be served. Furthermore, it does not provide that notice be given to any party. Rather, it compels the parties to look to the other provisions of "these rules" to determine the requisites of a proper motion. G.S. 1A-1, Rule 7, governs the form of motions under the North Carolina Rules of Civil Procedure. In pertinent part, it requires that "[a]n application to the court for an order shall be by motion which, *unless made during a hearing or trial or at a session at which a cause is on the calendar for that session,* shall be made in writing, shall state the grounds therefor, and shall set forth the relief or order sought. . . ." (Emphasis added.) Plaintiff's motion in this case was made orally during the session of court at which the case was calendared. This form of motion is clearly permitted by Rule 7.

An oral motion such as the one made by plaintiff is not subject to the actual notice requirement of Rule 6(d) which requires that *written* motions be served at least five days prior to the date set for the hearing on the motion. *Sims v. Oakwood Trailer Sales Corp.*, 18 N.C. App. 726, 731, 198 S.E. 2d 73, *cert. denied*, 283 N.C. 754, 198 S.E. 2d 723 (1973). This conclusion is made even clearer by comparing North Carolina's Rule 7 with the similar federal provision. The North Carolina rule excepts "from the requirement that they be in writing motions made 'at a session at which a

Wood v. Wood

cause is on the calendar for that session,' whereas the Federal Rule contains no such language. . . ." Shuford, *North Carolina Civil Practice and Procedure* § 7.1 at 56 (1975).

This change in the wording of Rule 7 clearly allows the continuation of the pre-rules practice under which oral motions to which no actual notice provision applied were allowed in an action during the session of court at which it was regularly calendared. This conclusion is bolstered by the editorial comment appended to Rule 7(b)(1). It states that this portion of the rule is intended to make "explicit as a matter of literal statement the motion practice actually followed" prior to the adoption of the rules.

[2] We therefore hold that where an oral motion is appropriately made under Rule 7, the doctrine that a party to an action has constructive notice of all orders and motions made in the cause during the session of court at which the cause is regularly calendared is preserved in Rules 6 and 7 of the North Carolina Rules of Civil Procedure. Thus, in the case at bar defendant was charged with constructive notice of plaintiff's motion for relief from the judgment entered in the action. Actual notice to defendant was not required.

[3] Defendant argues one other contention with regard to the procedure by which plaintiff's motion was made. He contends that her motion did not comply with Rule 6 of the Rules of Practice for Superior and District Courts adopted by this Court pursuant to G.S. 7A-34 and promulgated in 276 N.C. 735 (1970). This rule provides, among other things, that "[a]ll motions, written or oral, shall state the rule number or numbers under which the movant is proceeding".

The record does not contain plaintiff's motion and it is difficult to ascertain whether the grounds for the motion were adequately stated. Nevertheless, we do not think this defect fatal. *See: Lehrer v. Edgecombe Manufacturing Co.*, 13 N.C. App. 412, 185 S.E. 2d 727 (1972); *Long v. Coble*, 11 N.C. App. 624, 182 S.E. 2d 234, *cert. denied*, 279 N.C. 395, 183 S.E. 2d 246 (1971); *contra, Sherman v. Myers*, 29 N.C. App. 29, 222 S.E. 2d 749 (1976). The directive of this rule of practice has the salutory purpose of ensuring that the court and the parties are aware of the grounds upon which the movant is relying. The court's order in this case indicates that the judge was fully aware of the basis for plaintiff's

motion. It states that "upon motion of counsel for the plaintiff showing that errors have been committed in the complaint filed in this action in behalf of the plaintiff, and the Court, in its discretion, finds that the judgment heretofore entered in this action should be stricken." Because this awareness of the grounds upon which plaintiff's motion was made has been shown, we conclude that the motion was adequately stated.

Finally, we conclude that the trial court properly exercised its discretion in relieving plaintiff from the judgment. Rule 60(b)(1) allows the court to grant a party relief on the basis of "[m]istake, inadvertence, surprise, or excusable neglect." Excusable neglect is present in this case.

[4] It has long been the rule in this state that a party may be relieved from a judgment rendered against him as a result of the negligence of his attorney if the litigant himself is not at fault. *Moore v. WOOW, Inc.*, 250 N.C. 695, 110 S.E. 2d 311 (1959); *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954); *Stallings v. Spruill*, 176 N.C. 121, 96 S.E. 890 (1918); *Seawell v. Lumber Co.*, 172 N.C. 320, 90 S.E. 241 (1916); *Schiele v. Insurance Co.*, 171 N.C. 426, 88 S.E. 764 (1916); *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *cert. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976); *Kirby v. Asheville Contracting Co., Inc.*, 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied*, 278 N.C. 701, 181 S.E. 2d 602 (1971). These cases are readily distinguished from those where relief on the basis of excusable neglect has been denied when the party has himself been inattentive to his action. *See, e.g., Johnson v. Sidbury*, 225 N.C. 208, 34 S.E. 2d 67 (1945).

[5] The rule which we have cited has been employed most often to relieve a defendant with a meritorious defense from a default judgment. However, Rule 60(b) provides that relief may be granted to "any party" and raises no bar to granting relief to a successful plaintiff when adequate reason is shown. Shuford, *supra* § 60-4 at 507; Moore, *supra* ¶ 60.01 at 4009.

[6] In the case *sub judice* the record indicates that plaintiff did everything she reasonably could do to bring her case before the court. She employed a reputable local attorney who was licensed to practice in this state. She told him that she wanted a divorce because her husband had committed adultery and had left her.

Further, she explained to her attorney that she and the defendant had already consented to a judgment for alimony in a prior action.

The attorney negligently filed a complaint for divorce based on one year's separation. Had the judgment based on this complaint not been vacated, plaintiff would have been deprived of the benefit of her alimony decree. The negligence of counsel on these facts cannot be attributed to plaintiff even though she verified the complaint which was filed. The facts stated therein were, insofar as she knew, true and sufficient to bring her action. A non-lawyer cannot be held to know what allegations must be pled in a complaint in order to prove at trial those facts which have been communicated to an attorney.

For the reasons stated, the decision of the Court of Appeals is reversed. Consequently, the trial court's order vacating the divorce judgment is in full force and effect and plaintiff's voluntary dismissal terminates the action.

Reversed.