TERRY LYNN McGINNIS, BY HIS GUARDIAN AD LITEM, LOIS McGINNIS v. JOHN
ROBINSON AND ELAM TORRENCE ROBINSON, SR.

No. 7826SC1055

(Filed 18 September 1979)

1. **Rules of Civil Procedure § 60.2— failure to find subornation of perjury—perjury not fraud upon court—no grounds for new trial**

   Since the evidence would have permitted a finding that defendant father encouraged a witness to give false testimony, but the judge did not so find, G.S. 1A-1, Rule 60(b)(3) would not apply to give plaintiff a new trial; furthermore, perjured testimony is not usually recognized as a fraud upon the court within the meaning of the provision of Rule 60(b) which states that the rule "does not limit the power of a court to entertain an independent action . . . to set aside a judgment for a fraud upon the court."

2. **Rules of Civil Procedure § 60.1— motion for new trial—timeliness**

   Plaintiff's motion for a new trial was made within a reasonable time pursuant to G.S. 1A-1, Rule 60(b)(6) where plaintiff made a new trial motion eight days after the jury verdict; the motion specified no particular rule but the wording made out the grounds provided by Rule 59(a)(7) and (8); while this motion was pending and less than three months after the jury verdict, plaintiff filed another motion requesting a new trial because of materially harmful perjury on the part of one of defendants' witnesses; the motion was made within a short time of plaintiff's learning of the perjured testimony; and the fact that plaintiff did not specify the rule under which he was proceeding until eleven months later did not affect the timeliness of his motion.

3. **Rules of Civil Procedure § 7— grounds for motion —failure to state rule number not fatal**

   Where there is an awareness by the trial judge of the grounds for a motion, the motion is adequately stated for the purposes of Rule 6 of the General Rules of Practice for the Superior and District Courts; failure to state the rule was not fatal in this case where the trial judge expressed his opinion that he

1

---

McGinnis v. Robinson

---

was proceeding under G.S. 1A-1, Rule 60(b)(3) and (6) and then granted plaintiff's motion to amend his original motion to reflect that opinion.

**4. Rules of Civil Procedure § 15— amendment of motion to allege rule number—no error**

Defendants could not complain of the amendment of plaintiff's motion to reflect the procedural rule followed at the hearing on plaintiff's motion for a new trial, since defendants, in their response to plaintiff's motion, had raised the failure to state the rule number as a ground for opposition; it was in response to this that the amendment was made; and liberal amendment of pleadings is encouraged by the Rules of Civil Procedure.

**5. Rules of Civil Procedure § 60— perjury by nonparty witness—new trial granted**

The trial court did not abuse its discretion in awarding plaintiff a new trial under G.S. 1A-1, Rule 60(b)(6) where the court found that a nonparty witness for defendants committed perjury which resulted in an injustice to plaintiff.

APPEAL by defendants from *Friday, Judge.* Order granting a new trial to plaintiff entered 19 May 1978. Heard in the Court of Appeals 23 August 1979.

Plaintiff brought this action on 20 January 1976 for damages resulting from injuries sustained in a one car accident. It was stipulated that the accident was caused by the negligence of the driver. On trial, the issues for the jury were (1) whether defendant John Robinson (Robinson) was the driver of the car when the wreck occurred; (2) whether defendant Elam Torrence Robinson, Sr. (Robinson, Sr.), maintained the car involved in the wreck for a family purpose; (3) whether the actionable negligence of the driver was the proximate cause of plaintiff's injury; (4) whether plaintiff was contributorily negligent; and (5) the amount of damages. The jury decided for defendants by reaching only the first issue and finding defendant John Robinson was not the driver. Judgment was entered on 15 February 1977.

The evidence was in dispute on whether plaintiff or Robinson was the driver of the car at the time of the wreck. Three boys were in the car at the time of the wreck. One died instantly and was placed by witnesses for both sides in the backseat of the car. Because of head injuries, Robinson could not recall the accident. Plaintiff, who lost all use of both legs and most use of his arms, could remember the wreck and testified Robinson was the driver. Gail Stephens testified for plaintiff that she had seen the boys in

McGinnis v. Robinson

the car shortly before the accident. She met them in a convenience store parking lot. Robinson was behind the wheel and plaintiff was in the passenger seat. She left before they did and they later passed her on the road. When both cars came to a stop sign 3.3 miles from the accident, she pulled up by their car and saw Robinson driving.

Defendants presented several witnesses who appeared on the scene shortly after the wreck. They found Robinson twenty feet from the car. Plaintiff was pinned in the front seat of the car by the dashboard and steering wheel. The deceased was in the backseat. Floyd Anthony King testified that he had seen the boys in the car and that he had ridden back to the convenience store with them. King testified that Robinson, because he was drunk, asked plaintiff to drive and that plaintiff drove with Robinson sitting in the passenger seat. Another witness also testified to seeing Robinson on the passenger side in the parking lot of the convenience store.

Plaintiff filed a motion on 23 February 1977, eight days after trial, which he captioned "Motion for New Trial." Plaintiff's mother and guardian hired a private investigator on 21 February 1977 who interviewed Floyd Anthony King in March. King admitted to lying when he testified about seeing the boys the night of the wreck. On 2 May 1977, plaintiff filed an additional paper captioned "Motion" in which he moved for a new trial for the reason "that Anthony King, a material witness for the plaintiff, committed perjury concerning issues that were so material to the case that the plaintiff was deprived of a fair trial." He attached an affidavit by the investigator stating that King had admitted his perjury at trial and that it was prompted by defendant Elam Robinson, Sr.'s promise of money and that Robinson did arrange for him to get the money as promised. Neither plaintiff's 23 February nor his 2 May motion cited any rule or statute. A response to plaintiff's 2 May motion was made on 24 May 1977. Plaintiff notified defendants by phone on 21 April 1978 of an amendment filed that day stating his 2 May motion was pursuant to Rule 59(a)(1)(2)(3)(4)(9) and Rule 60 of the North Carolina Rules of Civil Procedure. The original trial judge held a hearing on the motions on 24 April 1978. The judge expressed his opinion that he was proceeding under Rule 60(b)(3) and (6). Plaintiff asked to

amend his motion to reflect the opinion of the judge. Defendants raised no objection at the hearing.

The private investigator hired by plaintiff's guardian and mother testified he talked with King on 15 March 1977. King told the investigator he had not seen Robinson or plaintiff the night of the wreck. King was granted immunity from prosecution for his testimony. He then testified that he first learned of the wreck the day after it occurred. A few days later, Robinson, Sr., who had been asking around for witnesses to the wreck, approached King. King told him he knew nothing of the wreck. A good while later, King saw Robinson, Sr., again. This time he told him he did know something about the wreck. He told Robinson, Sr., his son was not driving. Later, King negotiated a bad check for $300.00 forged by another of the sons of Robinson, Sr., and received $50.00 in exchange. The bank threatened King with check fraud procedures if he did not pay the amount of the check. King approached Robinson, Sr., about the matter. Robinson did not directly loan King money but did guarantee a loan to King from a third person and then repaid that person.

King testified that defendants never asked him to give false testimony, and he was not changing his story because of threats from plaintiff or his family. His motive for coming forward and admitting his perjury was his feeling of responsibility for plaintiff's suffering. Robinson, Sr., testified his only motive in helping King with the check problem was to help his other son avoid trouble.

On 19 May 1978, the judge who presided over both the hearing and trial entered an order, wherein he made extensive findings of fact and conclusions of law. There are no exceptions to any of the findings of fact which are, in part, as follows:

"1. The plaintiff was involved in a serious automobile accident on November 4, 1975, as a result of which, among other things, he was paralyzed in such a way that he was unable to use his arms and his body below the waist. . . ."

\* \* \*

"4. Of the three occupants in the automobile at the time of the accident which occurred just a few miles from the

mini-market, only the plaintiff was able to testify who was driving and he testified that Robinson was driving.

5. Robinson testified that he had amnesia and could not remember anything about who was driving the automobile and Barron, the third occupant of the automobile, was killed in the accident.

6. The question of who was driving the automobile was a very vital issue in this case, and this Court, in observing the demeanor of the witnesses and the reaction of the jury during the course of the trial, is of the opinion that the aforesaid testimony of King was a major factor which contributed to the jury verdict for the defendant, and this Court so finds."

\*    \*    \*

"9. This Court finds that King committed perjury during his testimony at the original trial and that his testimony that plaintiff was driving the automobile when he left the mini-market just before the collision and his testimony that the plaintiff was smoking marijuana and was drunk to the point where he was staggering, was sufficiently prejudicial to the plaintiff to prevent and did prevent his having a fair trial. . . .

10. King committed perjury about highly material matters, and if King's testimony had not been a part of the trial, it is probable that the jury would have ruled in favor of the plaintiff.

11. . . .Robinson, Sr. should have known by that time that King's proposed testimony for the subject trial was highly questionable, if not false. Robinson's lawyer advised against lending money to King, but Robinson, Sr. agreed (without the knowledge of his counsel) to arrange with an intermediary, one Frank Dwyer, for King to borrow from him $250 to $300 on Robinson's guarantee. King thereafter borrowed such a sum of money with no intention of repaying it, and within a short time thereafter, and substantially in advance of the trial, Robinson, Sr. repaid to Frank Dwyer the money which he had loaned to King. King has never repaid the money to anyone, and does not intend to do so.

12. Charlotte Police Officer Knabb, in charge of the investigation concerning a possible charge of manslaughter arising out of the accident, had concluded prior to the statement of King, that John Robinson was the driver. Robinson, Sr., told Knabb about the statement of King, and upon questioning King, Knabb then concluded that plaintiff was the driver.

13. Plaintiff had filed and served a motion for a new trial on the grounds that there was an insufficiency of evidence to justify the verdict, that the verdict was contrary to law and there was error in the trial. While this motion was pending, plaintiff learned for the first time that the witness, King, had repudiated his earlier testimony and within a short period of time after receiving this information, the plaintiff filed his motion for relief on this ground. Plaintiff has acted with due diligence in seeking the relief prayed for."

The court then made conclusions of law as follows:

"1. This Court has jurisdiction to hear the pending motions.

2. The motions were filed in apt time and plaintiff has used due diligence in having the motions heard.

3. The plaintiff was prevented from having a fair trial by the perjury which was committed.

4. The witness, King, who committed the perjury at the original trial has been granted immunity from prosecution for that offense and such witness is now beyond the jurisdiction of the Courts.

5. This Court, in its discretion, has the power to set aside this judgment in this action and to grant plaintiff a new trial.

6. In the interest of justice and in the Court's discretion, the judgment should be set aside and the plaintiff granted a new trial."

The court ordered that the judgment previously entered be set aside and that plaintiff be granted a new trial. Defendants appeal from that order.

*Walker, Palmer and Miller, by James E. Walker and Raymond E. Owens, Jr., for plaintiff appellee.*

*Womble, Carlyle, Sandridge and Rice, by H. Grady Barnhill, Jr., and W. G. Champion Mitchell, for defendant appellants.*

VAUGHN, Judge.

The trial judge was of the opinion that the proceeding was under Rule 60(b)(3) and (6). The pertinent parts of Rule 60(b) provide:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) Any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action."

The trial judge properly proceeded pursuant to Rule 60(b)(3) and (6). If a party is unsure under which of subsections (1), (2) and (3) or (6) of Rule 60(b) to proceed, "he need not specify if his 'motion is timely and the reason justifies relief.' " *Brady v. Town of Chapel Hill*, 277 N.C. 720, 723, 178 S.E. 2d 446, 448 (1971).

[1]   The evidence would have permitted a finding that Robinson, Sr., encouraged King to give false testimony but the judge did not so find. In the absence of a finding of fraud, misrepresentation or other misconduct on the part of an adverse party, Rule 60(b)(3) would not apply.

The next to the last sentence of Rule 60(b) provides that "this rules does not limit the power of a court to entertain an in-

dependent action . . . to set aside a judgment for a fraud upon the court." Generally, however, perjured testimony is not usually recognized as a "fraud upon the court" within the meaning of the quoted sentence. *Serzysko v. Chase Manhattan Bank*, 461 F. 2d 699 (2d Cir.), *cert. den.*, 409 U.S. 883, *reh. den.*, 409 U.S. 1029 (1972); *Keys v. Dunbar*, 405 F. 2d 955 (9th Cir.), *cert. den.*, 396 U.S. 880 (1969); *Dowdy v. Hawfield*, 189 F. 2d 637 (D.C. Cir.), *cert. den.*, 342 U.S. 830 (1951); *contra: Toscano v. Commissioner*, 441 F. 2d 930 (9th Cir. 1971); *see* Annot. 19 A.L.R. Fed. 761 (1974).

The question now is whether plaintiff was properly granted relief under Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment." We first consider defendants' procedural objection. They question the timeliness of the motions and the alleged failure to state grounds or rules for the motions.

[2]   Timing under Rule 60(b)(6) requires the motion to be made within a reasonable time. What constitutes a reasonable time depends on the circumstances of the individual case. 7 Moore's Federal Practice, ¶ 60.27[3] at 383 (2d ed. 1979). Rule 60(b)(3) motions in their timing must not only be reasonble but also within one year. Defendants contend plaintiff did not meet the laches-type limitation on a Rule 60(b)(6) motion or the express statute of limitation on a Rule 60(b)(3) motion. Plaintiff made a new trial motion on 23 February 1977, eight days after the jury verdict. The motion specified no particular rule but the wording made out the grounds provided by subsections (7) and (8) of Rule 59(a). These grounds of insufficiency of the evidence, verdict contrary to rule of law and error in law in admitting certain evidence had nothing to do with perjury. While this motion was pending, plaintiff, on 2 May 1977, filed another motion requesting a new trial because of materially harmful perjury on the part of defendants' witness, King. Defendants maintain the motions were not properly made until the 24 April 1978 hearing because it was not until then that plaintiff amended his motion to reflect the rule under which he was proceeding. Plaintiff's 2 May 1977 motion was within a year of judgment while a motion for new trial filed within ten days was pending. It was made within a short time of plaintiff's learning of the perjured testimony. It was all done within a year of judgment. We hold plaintiff acted within a reasonable time on the facts of the case.

[3]  Defendants also object to the failure of plaintiff to state any rules or procedural grounds for his motions of 23 February and 2 May 1977 as originally filed. The substantive grounds and relief desired as manifest on the face of the motions as required by Rule 7(b)(1) of the North Carolina Rules of Civil Procedure. Rule 6 of the General Rules of Practice for the Superior and District Courts, which supplement the Rules of Civil Procedure as provided by G.S. 7A-34, provides, in part: "All motions, written or oral, shall state the rule number under which the movant is proceeding." Rule 1 of the same General Rules of Practice provides: "These rules . . . shall at all times be construed and enforced in such a manner as to avoid technical delay and to permit just and prompt consideration and determination of all the business before them." Where there is an awareness by the trial judge of the grounds, the motion is adequately stated for the purposes of General Practice Rule 6. *Wood v. Wood*, 297 N.C. 1, 252 S.E. 2d 799 (1979); *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *cert. den.*, 289 N.C. 619, 223 S.E. 2d 396 (1976). Failure to state the rule is not fatal in this case where the trial judge expressed his opinion that he was proceeding under Rule 60(b)(3) and (6) and then granted plaintiff's motion to amend his original motion to reflect that opinion. This case is distinguishable from *Sherman v. Myers*, 29 N.C. App. 29, 222 S.E. 2d 749, *cert. den.*, 290 N.C. 309, 225 S.E. 2d 830 (1976), where neither the rule number nor any grounds for relief found in Rule 60 were set forth in the motion. In this case, the grounds for relief were presented.

[4]  Defendants cannot complain of the amendment of plaintiff's motion at the hearing to reflect the procedural rule followed. Defendants in their response to the motion for a new trial had raised the failure to state the rule number as a ground for opposition. It was in response to this that the amendment was made. Liberal amendment of pleadings is encouraged by the Rules of Civil Procedure. N.C. R. Civ. P. 15; *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972). The philosophy of Rule 15 has been applied to Rule 60 motions. *Taylor v. Triangle Porsche-Audi, Inc., supra.* In the words of that case,

> "the trial judge averted a decision on the basis of a mere technicality in allowing the defendant to amend his motion to set out the rule numbers under which it (*sic*) was proceeding

and his action in so doing was in keeping with the spirit of the rules and was not an abuse of his discretion." 27 N.C. App. at 714, 220 S.E. 2d at 809.

[5]   On the substantive issue of the granting of a new trial, we first note that "a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E. 2d 532, 541 (1975). The trial judge found that Floyd Anthony King, a nonparty witness for defendants "with intent to ingratiate himself" to Robinson, Sr., committed perjury; that Robinson, Sr., should have been suspicious of the testimony and that it resulted in an injustice to plaintiff. Rule 60(b)(6), that "grand reservoir of equitable power to do justice in a particular case," 7 Moore's Federal Practice, *supra*, ¶ 60.27[2] at 375, has been held to permit relief from this nonadverse third party intrinsic fraud of perjury. *See, e.g., McKinney v. Boyle*, 404 F. 2d 632 (9th Cir. 1968), *cert. den.*, 394 U.S. 992 (1969).

As we have previously noted, there are no exceptions to the court's findings of fact. They are, consequently, conclusive on appeal. A trial judge on hearing Rule 60(b) motions should consider such factors as

"(1) the general desirability that a final judgment not be lightly disturbed, (2) where relief is sought from a judgment of dismissal or default, the relative interest of deciding cases on the merits and the interest in orderly procedure, (3) the opportunity the movant had to present his claim or defense, and (4) any intervening equities." *Standard Equipment Co. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E. 2d 499, 501-502 (1978).

The able judge who allowed the motion for a new trial is the same judge who presided over the first trial. He is in a far better position to decide whether there is a "reason justifying relief from the operation of the judgment" than the appellate courts. There is nothing in this record to indicate that the judge did other than balance the desire of finality in judgments with fairness and equity in the individual case. No abuse of discretion has been shown. His order, therefore, must be affirmed.

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.