Sandra J. HOPKINS

v.

Robert G. HOPKINS.

No. 82–407–Appeal.

Supreme Court of Rhode Island.

Feb. 4, 1985.

Joseph A. Capineri, Capineri & Crowley, Ltd., Providence, for respondent.

Robert L. DaCosta Bernard, Warren, for petitioner.

## OPINION

MURRAY, Justice.

This is an appeal from a Family Court order decreeing that the respondent indemnify the petitioner, his former wife, as to certain joint debts incurred during the course of their marriage. In deciding that indemnification was proper, the Family Court found that the wife's waiver of alimony had been conditioned upon her former husband's agreement to assume the aforementioned debts. The husband now appeals on the ground that the debts in question were discharged in bankruptcy proceedings that he initiated shortly after the divorce was finalized. He argues that the bankruptcy discharge is res judicata and that the Family Court lacked jurisdiction to rule as it did.

On February 5, 1981, a final judgment was entered in Providence County Family Court dissolving the marriage of Sandra J. Hopkins (Sandra) and Robert G. Hopkins (Robert). Paragraph 3 of the final judgment stated:

"The Petition[er], SANDRA J. HOPKINS, waives alimony and as a condition of the waiver of alimony, the Respondent is liable for, shall pay, and shall hold the Petitioner harmless from and shall indemnify the Petitioner if she becomes liable for the following debts of the marriage to the following creditors: —Household Finance Corporation, BankAmericard, Sears Roebuck and Company, Bristol Furniture Company, Inc., Industrial National Bank."

On August 24, 1981, Robert filed a petition in the United States Bankruptcy Court for the District of Rhode Island under chapter 7 of the Bankruptcy Code, 11 U.S.C.A. § 701 to § 766 (1979), seeking, *inter alia*, to have the debts named in the divorce decree discharged in bankruptcy. Sandra responded by filing a motion in Family Court to have her former husband held in contempt for refusing to comply with the divorce decree. She noted that he had filed a petition in Bankruptcy Court and that Household Finance Corporation had commenced suit against her personally for payment of one of the listed debts. The husband was adjudged in technical violation of the divorce decree, but the case was continued pending disposition of a hearing in Bankruptcy Court and the outcome of the suit instituted by Household Finance Corporation.

On February 11, 1982, an evidentiary hearing was held in Bankruptcy Court to determine whether the debts were dischargeable notwithstanding 11 U.S.C.A. § 523(a)(5) (1979), which excepts from discharge debts owed to a spouse or former spouse for alimony, maintenance or support. After hearing arguments from both Robert and Sandra, the court ruled that the debts described in the divorce decree were the result of a property settlement rather than an award of alimony and, hence, ordered the debts discharged. *In re Hopkins*, 18 Bankr. 309 (D.R.I.1982).

On July 2, 1982, another hearing on the wife's contempt motion was held before a justice of the Family Court. At this hearing, the husband argued that the earlier decision of the Bankruptcy Court was res judicata as to the issues before the Family Court and, therefore, that his former wife's motion was improper. The hearing justice disagreed. He acknowledged the Bankruptcy Court's discharge of debts, but noted that the divorce decree made it clear that the waiver of alimony had been a conditional waiver and that the Bankruptcy Court had not entertained that specific issue. Accordingly, Robert was required to indemnify Sandra if she became liable on any of the listed debts. An order to this effect was entered July 26, 1982. The husband now appeals.

The issue for review presented by this appeal is one of first impression in Rhode Island. The appeal poses the question of whether, given the Bankruptcy Court's ruling, the Family Court was precluded from

requiring Robert to indemnify his former wife if she became liable for any of the debts assumed by him under the final divorce decree.

We turn first to the husband's argument that the Family Court lacked jurisdiction to entertain Sandra's petition. The bankruptcy code and its revisions make it clear that the Family Court and the Bankruptcy Court have concurrent jurisdiction in matters concerning family debts. The husband's argument that the Family Court lacked jurisdiction to rule as it did, citing *Siravo v. Siravo*, R.I., 424 A.2d 1047 (1981), is without merit. His reliance on *Siravo* is misplaced as the bankruptcy law cited therein (28 U.S.C.A. § 1334 (1976)) has been superseded by the enactment of the Bankruptcy Reform Act of 1978.

■ The Bankruptcy Reform Act of 1978 contained a new jurisdictional statute which replaced 28 U.S.C.A. § 1334 (1976). Section 1334 had provided that "[t]he district courts shall have original jurisdiction, *exclusive of the courts of the States*, of all matters and proceedings in bankruptcy." (Emphasis added.) The new jurisdictional section provides, in pertinent part:

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have *original but not exclusive jurisdiction* of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts." (Emphasis added.) 28 U.S.C.A. § 1471, as enacted by P.L. 95–598, Title II, § 241(a), Nov. 6, 1978. This section became effective April 1, 1984. During the transition period it was made applicable to the existing bankruptcy courts by P.L. 95–598, title IV, § 405(a)(1) and (b), November 6, 1978, 92 Stat. 2686. The present petition was filed August 24, 1981, during the transition period that ran from October 1, 1979, to April 1, 1984. Thus it is governed by the "original but not exclusive" grant of jurisdiction in "civil proceedings arising under title 11 or arising in or related to cases under title 11" provided by § 1471(b).

■ Other courts that have entertained similar jurisdictional questions have found concurrent jurisdiction in matters concerning the dischargeability of debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement * * *." 11 U.S.C.A. § 523(a)(5). The Ninth Circuit bankruptcy appeal panel has noted:

"With respect to [subsection (5)] of 11 U.S.C.A. § 523(a), the bankruptcy court has concurrent rather than exclusive jurisdiction to determine whether a debt is exempt from discharge. * * * It would therefore appear that such contests to dischargeability could be brought in either an appropriate state court or in the bankruptcy court, and could be brought before or after a discharge has been granted to the debtor." *In re Aldrich*, 34 B.R. 776, 780 (App. 9th Cir.1983).

Other courts have followed suit. *See In re Davich*, 27 B.R. 888, 890 (D.S.D.1983); *Matter of Romeo*, 16 B.R. 531, 534 (D.N.J. 1981); *In re Peterman*, 5 B.R. 687, 690 (E.D.Pa.1980); *see also* 3 *Collier on Bankruptcy*, § 523.15 (15th ed. 1984). We now join these courts and find concurrent jurisdiction over matters arising under 11 U.S.C.A. § 523(a)(5).

Having found concurrent jurisdiction, there remains the question of whether the Family Court, "having the power to adjudicate, should exercise that power." *Cranston Teachers Association v. Cranston School Committee*, 120 R.I. 105, 109, 386 A.2d 176, 178 (1978). The distinction be-

tween "the appropriate exercise of power as opposed to the absence of power" should not be blurred. *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, R.I., 419 A.2d 274, 279 (1980) (quoting *Hartt v. Hartt*, 121 R.I. 220, 230, 397 A.2d 518, 523 (1979)).

Here, where an evidentiary hearing was held in the Bankruptcy Court, with both parties represented, it would appear to be inappropriate for the Family Court to reexamine the dischargeability of the listed debts. Principles of comity reenforce this conclusion. *See Fox v. Fox*, 115 R.I. 593, 350 A.2d 602 (1976). It is, therefore, concluded that the husband's debts to Household Finance, BankAmericard, Sears Roebuck, Bristol Furniture Company and Industrial National Bank were discharged.

The conclusion that the discharge of the husband's debt to third-party creditors is final does not, however, preclude the Family Court from reexamining the wife's conditional waiver of alimony. The Bankruptcy Court's order is final as to the relationship between the husband and third-party creditors, but not as to the relationship between the husband and the wife. It is the latter relationship that the Family Court examined when reviewing the conditional waiver of alimony.

The Rhode Island law in effect at the time the wife sought to force her former husband to comply with the terms of the final decree of divorce stated, in pertinent part:

> "For the purpose of this section, alimony shall be construed as payments for the support or maintenance of either the husband or the wife. After a decree for alimony has entered, the court may from time to time upon the petition of either party, review and alter its decree relative to the amount of such alimony and the payment thereof, and make any decree relative thereto which it might have made in the original suit. Said decree may be made retroactive in the court's *discretion* to the date that the court finds that a substantial change in circumstanc-

es has occurred. * * *." G.L.1956 (1981 Reenactment) § 15–5–16, as amended by P.L.1981, ch. 320, § 1.

In order for this case to fall within the purview of this section, a decree for alimony is required. While it is true that there has been no formal decree, it can be argued that ordering of payment to a third party is the equivalent to such a decree.

In similar instances, where debts have already been discharged, one court has noted:

> "In looking behind the terms of a divorce decree, it is obvious that by ordering payment to a third party in lieu of alimony, state courts intend, in fact, an award of alimony to the spouse measured by the amount of such debt or the monthly payments on such debt. The *court, in effect, is ordering an amount of alimony paid to the ex-spouse, but authorizing the payment of same to be made to a creditor."* (Emphasis added.) *In re Dirks*, 15 B.R. 775, 780 (D.N.M. 1981).

Once it has been shown that a decree for alimony or its equivalent has been entered, a petitioner need prove by a preponderance of the evidence that there has been a substantial change in circumstances in order for the court to modify its decree. *See Bocchino v. Bocchino*, R.I., 464 A.2d 715, 717–18 (1983). There can be little doubt that the bankruptcy discharge of debts, assumed by the husband as a condition of his former wife's waiver of alimony, has affected a substantial change in the relative circumstances of the two. *See In re Danley*, 14 B.R. 493, 495 (D.N.M. 1981).

Further, the language of the July 2 transcript makes clear that the Family Court viewed the discharge of debts as equivalent to an alimony decree. The Family Court justice stated, "I will therefore, find that she has not, in fact, waived alimony insofar as these specific obligations are concerned." Moreover, the change in the financial relationship as between husband

and wife affected by the Bankruptcy Court discharge did entitle the Family Court to modify the previous decree. Such modification, to provide that Robert must indemnify Sandra if she became liable for the listed debts, was wholly proper given the Family Court's findings that (1) the initial indemnification was in the nature of alimony, and (2) that there had been a change in circumstances since the original decree.

■ The Family Court's findings that the discharge of Robert's obligations to third-party creditors in no way released him from the obligations assumed under the original Family Court decree accord fully with the cases and authorities cited above. The Family Court's order modified the relationship between the husband and the wife, not between the husband and third-party creditors.

For the reasons stated above, the appeal is denied and dismissed. The judgment appealed from is affirmed.