In re Donald R. YOUNG, Jr., Debtor.

**Mary Lou YOUNG, Plaintiff,**

v.

**Donald R. YOUNG, Jr., Defendant.**

Bankruptcy No. 8600392.
Adv. No. 860121.

United States Bankruptcy Court,
D. Rhode Island.

April 15, 1987.

---

8. Ralph B. Long, the attorney at the Metzger firm with whom the debtor dealt, is deceased.

Marvin Homonoff, Kirshenbaum & Kirshenbaum, Cranston, R.I., for Mary Lou Young.

George L. Santopietro, Coia & Lepore, Ltd., Providence, R.I., for Donald R. Young, Jr.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the complaint filed by Mary Lou Young, plaintiff and former wife of

the debtor, who seeks a determination that certain debts assigned to the debtor pursuant to a Family Court decision of March 31, 1986, are nondischargeable under 11 U.S.C. § 523(a)(5).[1] The parties have submitted the matter on a statement of agreed facts, and memoranda.

The pertinent facts are as follows:[2] Mary Lou and Donald Young were married in September 1980, and had two children, Brandon and Adam, before separating in December, 1984. Some time afterward Mary Lou filed for, and Donald counterclaimed for, an absolute divorce, and the matter was heard in the Family Court on March 16, 1986. The Family Court granted the divorce, awarded custody of the children to the plaintiff, ordered Donald Young to pay $45.00 per week to the State of Rhode Island to offset welfare benefits the plaintiff was receiving on behalf of the children, and assigned certain marital debts to Donald Young. These debts were: (1) $5300 of outstanding bills for medical expenses incurred on behalf of Adam; (2) a $1900 VISA obligation; (3) $6000 owed on a 1985 Ford Tempo automobile;[3] (4) $500 to John E. McCann, Esq., who represented Mary Lou Young in the divorce proceedings. The decision also provided that the debtor hold his ex-wife harmless on the VISA and automobile debts and required him to indemnify her if she were required to pay any part of them or any part of the medical bills. Plaintiff permanently waived alimony, but the Family Court accepted this waiver conditioned on Donald Young paying the obligations assigned to him. The court's conditional approval of the alimony waiver was specifically premised on the Rhode Island Supreme Court's decision in *Hopkins v. Hopkins*, 487 A.2d 500 (R.I.1985), which held that the Family Court could modify a decision conditionally waiving alimony in the event of change in circumstances caused by a discharge of debts in bankruptcy. Subsequent to the Family Court decision the debtor filed his Chapter 7 petition on June 6, 1986.

Whether payments to a former spouse or child of the debtor constitute alimony, maintenance, or support is not dependent on the labels attached to them, but is determined according to federal bankruptcy law, not state law. *In re Williams*, 703 F.2d 1055 (8th Cir.1983). If necessary the bankruptcy court will look behind the original award to determine if it is actually in the nature of support. *Parisi v. White (In re White)*, 26 B.R. 572, 574 (Bankr.D.R.I.1983). In determining the true nature of the debt, the intention of the parties is a crucial element. *Hopkins v. Hopkins (In re Hopkins)*, 18 B.R. 309, 311 (Bankr.D.R.I.1982). Assignment of marital debts to the debtor in a divorce decree with a concomitant "hold harmless" agreement in favor of the former spouse can be a nondischargeable obligation if it is actually intended as maintenance or support for a former spouse or child of the debtor. *Quinn v. Quinn (Matter of Quinn)*, 44 B.R. 622, 624 (Bankr.W.D.Mo.1984); *Rich v. Rich (In re Rich)*, 40 B.R. 92 (Bankr.D. Mass.1984). Factors considered by bankruptcy courts in ascertaining the true na-

---

1. **§ 523. Exceptions to discharge**
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   ....
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
   (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

2. This opinion constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

3. The Family Court gave Donald Young the option of continuing to pay the loan at the rate of $130 per month, or paying it in full and transferring the title to his former wife. *See* Family Court Decision ¶ 6.

ture of the debt include: (1) the nature of the obligation assumed (whether for necessaries or luxuries); (2) the type of payment (lump sum or installment); (3) the length of the marriage; (4) whether children of the marriage must be provided for; (5) the relative earning power of the spouses; (6) the adequacy of support without the debt assumption; (7) the understanding of the parties concerning the agreement, *e.g., Petoske v. Petoske (In re Petoske)*, 16 B.R. 412, 413–14 (Bankr.E.D.N.Y.1982) (citations omitted).

Although the Family Court decision is very clear in assigning marital debts to Donald Young, the court is less clear in explaining the reasons for the assignments. The court seemed most concerned that the medical bills for Adam should be paid. After ordering Mr. Young to pay monies to the state to offset welfare benefits paid on behalf of the children, the first monetary issue dealt with was Adam's medical bills. It ordered Donald Young to pay $1200 of the $5300 of outstanding bills immediately, and $500 within sixty days. *See* Family Court Decision ¶ 4. Next it ordered $1000 of an expected $1500 tax refund[4] be used to pay these bills, *see* Decision ¶ 5, ordered him to reduce the outstanding balance at the rate of $10 per week until fully paid, and further ordered him to hold his former wife harmless and to indemnify her for any amount of them which she paid. *See* Decision ¶ 12. Clearly the Family Court's first priority was to see that Adam's medical expenses were paid, and conditioned its acceptance of Mary Lou Young's waiver of alimony on Donald Young's assumption and payment of these debts, and retained jurisdiction to alter the waiver of alimony pursuant to *Hopkins v. Hopkins*, 487 A.2d 500 (R.I.1985). It is clear that the court intended debtor's assumption of these debts to be in the nature of support and that the assumption of them was the quid-pro-quo for the waiver of alimony. Therefore, we find debtor's assumption of debts for Adam's medical expenses to be in the nature of support, and nondischargeable.

The second debt assigned was a $1900 VISA obligation. Assumption of joint obligations on a credit card debt can be nondischargeable if it is intended to be and actually is in the nature of support. *See Matter of Jensen*, 17 B.R. 537, 539 (Bankr.W.D.Mo.1982); *In re Petoske, supra.* Here the disparity of income between the parties is most significant. Debtor's petition and schedules show an income of $23,000 in 1985 and current monthly take home pay of $945.42. Sometime after the parties separated in 1984, plaintiff and her children began receiving AFDC benefits, which continued through the date of the hearing in Family Court. In view of this, the waiver of alimony coupled with debtor's assumption of the VISA debt indicates clearly that the assumption was to be a support obligation, and is also nondischargeable. For a similar reason we find the assignment by the Family Court of the automobile loan obligation to be in the nature of support, and nondischargeable.

Finally, debtor was ordered to pay $500 as attorneys' fees to John E. McCann, Esq., who represented debtor's former wife in the divorce proceedings. Attorneys' fees awarded in a divorce action are nondischargeable if in the nature of support. *Mainelli v. Whitman (In re Whitman)*, 29 B.R. 362, 364 (Bankr.D.R.I. 1983). Since these fees were integral to and awarded as part of other nondischargeable obligations, we find them to be nondischargeable also.

Enter judgment accordingly.

---

4. The balance of the tax refund, $500, was to be paid to John E. McCann, Esq. as partial payment of Mary Lou Young's attorneys' fees incurred in the divorce proceedings.