OPINION OF THE COURT
Ralph Yachnin, J.
It is ordered that this motion by plaintiff ex-wife (Wife), *593 made by order to show cause (OTSC), dated June 2, 1992, for an order directing the defendant ex-husband (Husband) to pay all monies owed to Dartmouth Plan Mortgage (Dartmouth) as of June 2, 1992, directing that he be solely responsible for the second mortgage on the former marital residence pursuant to the stipulation of settlement, directing the Husband to take all steps necessary to stop foreclosure on the marital residence, and holding the Husband in contempt, is disposed of as follows:
So much of the Wife’s application as seeks to punish the Husband for contempt is denied. The OTSC fails to contain the necessary allegations and warnings. (Judiciary Law § 756; see, Judiciary Law § 770.)
After an action for divorce was commenced in late 1988, the parties entered into a stipulation of settlement (Stipulation), dated December 8, 1988. This court (Yachnin, J.) signed a judgment of divorce on January 10, 1989. It provided that the Stipulation survive and not merge in the judgment.
In the Stipulation, the Husband agreed to be " 'solely responsible for the second mortgage on the marital premises held by the Dartmouth Plan with an approximate unpaid principal balance of $50,000.00’ ”. The Husband has failed to make many of such mortgage payments, and foreclosure apparently looms as a very real possibility.
What the Wife does not tell the court in her moving papers —although she was aware of it, as the Husband states — is that the Husband filed a petition in bankruptcy under which he claims his obligation to Dartmouth was discharged. Attached to the Husband’s June 20, 1992 affidavit in opposition is a copy of his discharge in bankruptcy, dated October 9, 1990 (Conrad B. Duberstein, J.). Moreover, the Husband asserts— and the Wife does not deny — that the Wife was a named creditor in his bankruptcy petition and that she did not object to his discharge from his Dartmouth obligation or his other obligations which are part of his property settlement with her.
It is clear that the Wife made no objection to the Husband’s discharge between her receipt of notice of the filing of his petition in or about October 1990, and June of 1992, when her OTSC was served, a period of about 19 months. Thus, the Husband claims that the Wife is barred by loches from challenging his discharge in bankruptcy as to the subject items.
The Husband also contends that this court lacks jurisdiction *594 to entertain the Wife’s application in view of his discharge by the United States Bankruptcy Court, a Federal court.
The essence of the Wife’s response to the Husband’s claim, that his discharge in bankruptcy bars the Wife from succeeding on the present application, is that the items in question relate to nondischargeable maintenance and child support, not to a property settlement. She disputes the Husband’s contention that this court does not have jurisdiction. She does not address the Husband’s claim of loches.
The Husband’s argument that this court does not have jurisdiction over the subject matter of this proceeding is rejected. (Hopkins v Hopkins, 487 A2d 500, 503 [RI].) This court has concurrent jurisdiction with the Bankruptcy Court to determine the issues at hand. Whether this court should exercise such jurisdiction is another matter, as pointed out in Hopkins (supra).
This court will not disturb what has been decided by the Bankruptcy Court. The Wife could have but did not seek any relief from that tribunal. Therefore, this court will treat the Husband’s obligation to Dartmouth as discharged and his debt to the Wife similarly discharged. This does not preclude the Wife from returning to the Bankruptcy Court for reconsideration of its determination regarding Dartmouth.
Whether the subject debt is dischargeable in bankruptcy rests on whether it was in the nature of an obligation to pay maintenance or child support on the one hand, or a property settlement only, on the other. If it was in the nature of support, then it was nondischargeable, and conversely, if it wasn’t, then the debt is dischargeable. (In re Spong, 661 F2d 6 [2d Cir 1981].) "[Dischargeability must be determined by the substance of the liability rather than its form.” (Supra, at 9.) In the Spong case (supra), the court held that an obligation in an agreement to pay a wife’s counsel fee was a debt in the nature of alimony, maintenance or support and therefore nondischargeable.
In Matter of Coil (680 F2d 1170, 1171 [7th Cir 1982]), the court stated, inter alia: "An indebtedness for a former spouse for alimony, maintenance, or support of the spouse or the couple’s children which is memorialized in the divorce decree is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). An indebtedness in the divorce decree that merely divides the marital property, however, is dischargeable. In re Maitlen, 658 F.2d 466 (7th Cir. 1981). The issue in this case is whether *595 clause 6 of the Coils’ settlement agreement was intended to provide support for Betty Coil and the Coils’ son or whether it was intended as an equalization of property rights.” A hearing was held in the Coil case to determine the issue. The Bankruptcy Court found, and the District Court affirmed, that the provisions of the Coils’ agreement, which provisions obligated the husband to pay outstanding marital debts and hold the wife harmless therefrom, was in the nature of nondischargeable maintenance and child support and therefore nondischargeable. At the hearing, Mrs. Coil had testified that she accepted a lower amount of support because of Mr. Coils’ agreement to pay the bills.
It is unclear what the circumstances were between the Blumenfelds at the time they entered into their agreement. If the hearing court shall determine that it was the parties’ intention that the Dartmouth obligation was in the nature of a property settlement, that will be the end of the inquiry. However, should the court determine that the Dartmouth debt was in the nature of support (maintenance or child support), then this court holds that such bankruptcy constitutes a significant change in circumstances which may require an adjustment of the Husband’s financial obligation to the Wife for support of the Wife and the parties’ three minor children.
It is clear that a hearing should be held on the issues set forth hereinabove. The hearing shall take place at Trial Assignment Part of this court on October 20, 1992, commencing at 9:30 A.M., subject to the Justice there presiding.