BARBARA SLOAN, Plaintiff v. FREDERICK SLOAN, Defendant

No. COA01-1276

(Filed 16 July 2002)

1. Jurisdiction— subject matter—domestic relations— bankruptcy

The trial court did not lack subject matter jurisdiction to order defendant to pay the equity line secured against the marital residence in its alimony and equitable distribution order filed 24 May 2002 even though defendant filed a Chapter 7 proceeding in bankruptcy court on 25 August 1999, because: (1) the dischargeability of defendant's debts was not challenged and the question

SLOAN v. SLOAN

[151 N.C. App. 399 (2002)]

here involves the trial court's authority to vacate the permanent order regarding alimony and equitable distribution, and to modify a previous order concerning alimony pendente lite; and (2) it is well-established that our General Assembly has specifically conferred on the district court division subject matter jurisdiction over domestic relations cases under N.C.G.S. § 7A-244.

## 2. Civil Procedure— Rule 60 motion—notice

The trial court did not abuse its discretion by setting aside the 1 September 1998 order for permanent alimony and equitable distribution under N.C.G.S. § 1A-1, Rule 60(b) even though defendant contends plaintiff was required to give defendant five days' notice of a hearing for a Rule 60 motion pursuant to N.C.G.S. § 1A-1, Rule 6(d), because: (1) any objection based on lack of notice was deemed waived since defendant may not assert alleged error below for the first time on appeal; (2) this form of motion is clearly permitted and is not subject to the actual notice requirement of Rule 6(d); and (3) defendant's silence as to the existence of the debt on the marital home would serve as specific grounds to set aside the order and would serve as appropriate grounds to set aside the dismissal of plaintiff's permanent alimony claim.

## 3. Divorce— alimony—modification—notice—change of circumstances

The trial court did not err by modifying the 1 May 1988 order for alimony pendente lite even though defendant contends that there was no motion to modify the alimony and that he never received notice of a hearing for a motion to modify alimony or alimony pendente lite, because: (1) defendant had constructive notice of plaintiff's motion for modification of the alimony pendente lite, actual notice was not required, and defendant's assignment of error based on lack of notice is deemed waived; (2) defendant's debt and subsequent discharge in bankruptcy constitutes a change in circumstances warranting modification; and (3) the trial court may direct payments to a third party as an award of alimony or alimony pendente lite.

## 4. Contempt— civil—willfulness—competent evidence

The trial court did not err by finding defendant husband in willful contempt in its order filed 15 May 2001 based on defendant's failure to pay the equity line debt to BB&T as alimony pendente lite, because the trial court's findings of defendant's ability

SLOAN v. SLOAN

[151 N.C. App. 399 (2002)]

to pay the debt and willful failure to pay are supported by competent evidence including evidence that defendant works but has not taken a salary so as not to pay the indebtedness.

Appeal by defendant from contempt order entered 15 May 2001 by Judge Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 13 June 2002.

*Parish, Cooke, Boose & Bullard, by James H. Cooke, for plaintiff-appellee.*

*Marshall, Dubree & Taylor, by Travis R. Taylor, for defendant-appellant.*

TYSON, Judge.

## I. Facts

Barbara Sloan ("plaintiff") married Frederick Sloan ("defendant") on 31 April 1978. The parties separated on 7 August 1993 and divorced on 17 November 1995. On 18 May 1994, plaintiff filed a complaint seeking alimony, alimony *pendente lite*, custody of the minor child, child support, equitable distribution, and a restraining order preventing the disposal or encumbrance of the marital property. An *ex parte* order was entered on 18 May 1994 awarding plaintiff temporary custody of the minor child, child support, exclusive possession of the marital home, and a restraining order. On 31 May 1994, an *ex parte* order was entered extending the previous order.

The parties entered into a consent order on 13 October 1994 for alimony *pendente lite*. Pursuant to that consent order, the parties stipulated that plaintiff was entitled to an award of alimony *pendente lite*; that they would work together to refinance the mortgage payment on the marital home; and that defendant would pay the outstanding marital debts except: (1) health insurance covering defendant, (2) car payment on the 1993 Oldsmobile, and (3) all utilities on the marital residence.

On 22 October 1998, *nunc pro tunc* 1 September 1998, an order was entered regarding permanent alimony, equitable distribution, contempt of court, and a motion to decrease alimony. The order in pertinent part awarded: (1) the marital home to plaintiff with plaintiff to assume all indebtedness, taxes, and insurance owed on the property, and (2) $2,000 to plaintiff as full and final settlement for any past due temporary alimony and for permanent alimony.

**SLOAN v. SLOAN**

[151 N.C. App. 399 (2002)]

Plaintiff filed a Motion in the Cause on 17 September 1999 for enforcement of a prior order, alleging that defendant willfully failed and refused to abide by the terms of the parties' consent order by continuing use of the parties' equity line, incurring a debt of $40,000, and failing to pay the debt, causing foreclosure notice to be served on plaintiff. An Order to Show Cause was entered against defendant which was heard on 19 April 2000.

At the hearing, plaintiff moved to treat the Motion in the Cause for Contempt as a motion pursuant to Rule 60 of the North Carolina Rules of Civil Procedure and to set aside the previous order of equitable distribution and permanent alimony based on Rule 60(b)(1) mistake and excusable neglect, as well as Rule 60(b)(6) fundamental fairness. In an order filed 24 May 2000, the trial court granted plaintiff's Rule 60 motion and set aside the previous order of 1 September 1998. The trial court also granted plaintiff's motion to modify alimony and entered: (1) an Order of Interim Alimony *Pendente Lite*, ordering defendant to pay as alimony *pendente lite* the obligation owed by plaintiff on the equity line, secured against the marital residence, and (2) an Order of Interim Equitable Distribution, awarding plaintiff exclusive ownership of the parties rental property, located in Cumberland County, for the purpose of sale of said property.

On 30 March 2001, plaintiff filed a Motion in the Cause for enforcement of the 24 May 2000 order, alleging that defendant willfully failed to pay the equity line payments as alimony *pendente lite*. An Order to Show Cause was entered against defendant which was heard on 26 April 2001. In an order filed 15 May 2001, defendant was found in willful contempt for failure to abide by the terms of the previous order filed 24 May 2000. Defendant appeals.

## II. Issues

The issues presented are whether: (1) the trial court had subject matter jurisdiction to order defendant to pay the equity line secured against the marital residence in its order filed 24 May 2000, (2) the trial court erred in setting aside the 1 September 1998 order for permanent alimony and equitable distribution pursuant to Rule 60(b), (3) the trial court erred in modifying the 1 September 1998 order for alimony *pendente lite*, (4) the trial court erred in finding defendant in willful contempt in its order filed 15 May 2001, and (5) the findings of fact in the contempt order filed 15 May 2001 and order filed 24 May 2000 are supported by competent evidence. We affirm.

SLOAN v. SLOAN

[151 N.C. App. 399 (2002)]

### III. Subject Matter Jurisdiction

**[1]** Defendant argues that the trial court lacked subject matter jurisdiction to order him to pay the equity line debt. Defendant filed a Chapter 7 proceeding in bankruptcy court on 25 August 1999. Defendant listed Branch Banking and Trust Company ("BB&T") as a creditor. On 4 January 2000, defendant was discharged of his obligation to BB&T. Defendant contends that his discharge for the BB&T obligation divested the trial court of subject matter jurisdiction related to his liability on that debt. This argument is without merit.

In the present case, the dischargeability of defendant's debts was not challenged. The question here involves the trial court's authority to vacate the permanent order regarding alimony and equitable distribution, and modify a previous order concerning alimony *pendente lite*. It is well established that our General Assembly has specifically conferred on the district court division subject matter jurisdiction over domestic relations cases, N.C. Gen. Stat. § 7A-244 (2001), and we conclude that the district court had subject matter jurisdiction over the domestic orders entered in this case.

### IV. Rule 60(b) Motion

**[2]** Initially, defendant argues that the trial court erred in transforming a Motion in the Cause for Contempt to a Rule 60(b) motion to set aside the judgment. Defendant contends that he did not receive proper notice of a hearing for a Rule 60(b) motion or a motion to modify alimony. We disagree.

N.C.G.S. 1A-1, Rule 60, "Relief from judgment or order" provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding" for the reasons specified in the rule, such as "[m]istake, inadvertence, surprise or excusable neglect." N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2001). The court may also grant relief for "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2001). "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Id.*

Rule 60(b) makes no express provisions for the manner in which a motion thereunder must be served. Furthermore, it does not pro-

vide that notice be given to any party. Defendant contends that plaintiff was required to give him five days notice of a hearing for a Rule 60 motion pursuant to Rule 6(d) of the North Carolina Rules of Civil Procedure. This argument is without merit.

The record reveals that during the hearing on the Motion in the Cause for Contempt, plaintiff requested the district court to consider the motion as a Rule 60 motion, and set aside the permanent alimony and equitable distribution order pursuant to Rule 60(b). Defendant and his attorney were present, participated in the hearing, and did not object to the motion or deficient notice. Accordingly, any objection based on lack of notice is deemed waived because defendant may not assert alleged error below for the first time on appeal. N.C.R. App. P. 10(b)(1) (2001); *see also Dobos v. Dobos*, 111 N.C. App. 222, 226, 431 S.E.2d 861, 863 (1993), *rev'd on other grounds, Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998).

Additionally, this form of motion is clearly permitted and is not subject to the actual notice requirement of Rule 6(d) contended by defendant. *See Wood v. Wood*, 297 N.C. 1, 5-6, 252 S.E.2d 799, 801-02 (1979) (defendant was charged with constructive notice of plaintiff's motion for relief from the judgment entered in the action and actual notice to defendant was not required, where during defendant's motion seeking termination of alimony, plaintiff orally moved to vacate the divorce judgment).

Defendant also argues that the trial court abused its discretion in setting aside the prior order pursuant to Rule 60(b). Defendant contends that the record does not support setting aside the order. We disagree.

Rule 60(b) has been described as "a grand reservoir of equitable power to do justice in a particular case." *Branch Banking & Trust Co. v. Tucker*, 131 N.C. App. 132, 137, 505 S.E.2d 179, 182 (1998) (citation omitted). The decision whether to grant relief under Rule 60(b) "is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). Our Supreme Court has stated that this Court should not disturb a discretionary ruling of a trial court unless it "probably amounted to a substantial miscarriage of justice," *Worthington v. Bynum*, 305 N.C. 478, 487, 290 S.E.2d 599, 605 (1982), or that the challenged actions "are manifestly unsupported by reason," *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).

At bar, the trial court set aside the previous order pursuant to Rule 60(b)(1) and Rule 60(b)(6). Rule 60(b)(1) provides that a party may be granted relief from a judgment or order for "[m]istake, inadvertence, surprise, or excusable neglect . . . ." N.C. Gen. Stat. § 1A-1, Rule 60(b)(1). Rule 60(b)(1) motions must be filed within one year. N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). Since this motion was not raised within one year it was untimely.

On the other hand, Rule 60(b)(6) provides relief from a judgment or order for "any reason justifying relief from the operation of the judgment." *Id.* Timing under Rule 60(b)(6) requires the motion to be made within a reasonable time. *Id.* "What constitutes a reasonable time depends on the circumstances of the individual case." *McGinnis v. Robinson*, 43 N.C. App. 1, 8, 258 S.E.2d 84, 88 (1979) (citation omitted). Plaintiff testified that she learned of the subsequent balance owed on the equity line in August of 1999 when BB&T informed her that they were instituting a foreclosure action. Plaintiff filed a Motion in the Cause for Contempt on 17 September 1999. The hearing, which was originally scheduled for 8 November 1999, was held 19 April 2000. We conclude that plaintiff acted within a reasonable time on the facts of this case.

A trial court cannot set aside a judgment or order pursuant to Rule 60(b)(6) without a showing: (1) that extraordinary circumstances exist and (2) that justice demands relief. *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987).

Here, defendant admitted in his Response to the Motion in the Cause for Contempt that the parties refinanced the marital home pursuant to a consent order paying off the equity line to BB&T, that he subsequently borrowed against the line of credit, and that he paid on the line of credit until March of 1999. During the hearing, defendant acknowledged that he was asked at the equitable distribution hearing about other debts and that he failed to inform the court that he borrowed against the equity line. This evidence supports the trial court's conclusion that defendant's silence as to the existence of the debt on the marital home "would serve as specific grounds to set aside the Order entered on September 1, 1998" and "serve as appropriate grounds to set aside the dismissal of Plaintiff's permanent alimony claim" pursuant to Rule 60(b)(6). These assignments of error are overruled.

## V. Modification of Alimony

Defendant correctly states that the standard to modify alimony or alimony *pendente lite* is a motion in the cause and a showing of changed circumstances. N.C. Gen. Stat. § 50-16.9(a) (2001). "To determine whether a change of circumstances under [N.C.]G.S. 50-16.9 has occurred, it is necessary to refer to the circumstances or factors used in the original determination of the amount of alimony awarded under [N.C.]G.S. 50-16.5." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982).

**[3]** Defendant initially argues that there was no motion to modify the alimony and that he never received notice of a hearing for a motion to modify alimony or alimony *pendente lite*. This argument is without merit.

In the instant case, plaintiff requested the trial court to consider her Motion in the Cause for Contempt as a Rule 60 motion and a motion to "reinstate the alimony" or modify the alimony *pendente lite* which she had previously waived. Defendant and his attorney were present, participated in the hearing, and did not object to the motion or deficient notice. For the reasons previously stated, we conclude that defendant had constructive notice of plaintiff's motion for modification of the alimony *pendente lite*, that actual notice to defendant was not required, and that defendant's assignment of error based on lack of notice is deemed waived.

Defendant further contends, without supporting argument, that the evidence does not show a substantial change in circumstances to support the trial court's modification and reinstatement of alimony *pendente lite*. We disagree.

Other courts have found that a discharge in bankruptcy constitutes a "change in circumstances" warranting reconsideration or modification of an alimony or child support award. *See In re Danley*, 14 B.R. 493 (Bankr. D.N.M. 1981) (bankruptcy discharge of husband resulted in change in financial condition of wife, who was required to make payment of discharged debts); *Kruse v. Kruse*, 464 N.E.2d 934 (Ind. Ct. App. 1984) (husband's discharge of second mortgage on house, which resulted in foreclosure, constituted a substantial change of circumstances for modification of child support); *In re Zick*, 123 B.R. 825 (Bankr. E.D. Wis. 1990) (state court may find that debtor's discharge in bankruptcy constitutes a change of circumstances warranting an increase in maintenance or support); *see also*

SLOAN v. SLOAN

[151 N.C. App. 399 (2002)]

*Eckert v. Eckert*, 424 N.W.2d 759 (Wis. Ct. App. 1988); *Myers v. Myers*, 773 P.2d 118 (Was. Ct. App. 1989); *Hopkins v. Hopkins*, 487 A.2d 500 (R.I. 1985). We join these courts and hold that a discharge in bankruptcy can constitute a "change in circumstances" warranting reconsideration or modification of an alimony or child support award.

Here, defendant entered a consent order to refinance the liens on the marital residence and consolidate those debts into one obligation. Defendant was ordered not to dispose of or encumber the marital assets. Defendant admitted in his Response to the Motion in the Cause for Contempt that he subsequently borrowed against the lien, and that he paid on the lien until March of 1999. Defendant filed a Chapter 7 bankruptcy proceeding and was subsequently discharged from the BB&T obligation. As a result, BB&T began foreclosure proceedings against the marital residence. Pursuant to the equitable distribution order, plaintiff was granted exclusive ownership of the marital residence and became obligated for the debts and encumbrances on the residence. Plaintiff has become liable for the debt incurred by defendant. There is little doubt that defendant's debt and subsequent discharge has affected a substantial change.

Defendant argues that the order requiring him to pay alimony *pendente lite* directly to the lien holder and not to plaintiff is an improper assignment of the debt for which he was discharged. We disagree.

This same issue was addressed by the Rhode Island Supreme Court which held that the ordering of payment to a third party is the equivalent to a decree for alimony. *Hopkins*, 487 A.2d 500, 504. The court in *Hopkins* stated:

> [i]n looking behind the terms of a divorce decree, it is obvious that by ordering payment to a third party in lieu of alimony, state courts intend, in fact, an award of alimony to the spouse measured by the amount of such debt or the monthly payments of such debt. The *court, in effect, is ordering an amount of alimony paid to the ex-spouse, but authorizing the payment of same to be made to a creditor.*

*Id.* (quoting *In re Dirks*, 15 B.R. 775, 780 (D.N.M. 1981) (emphasis in original). We agree with these courts and hold that the trial court may direct payments to a third party as an award of alimony or alimony *pendente lite*. These assignments of error are overruled.

## VI. Contempt Order

**[4]** Defendant contends that the trial court erroneously held him in contempt for failure to pay the equity line debt to BB&T as alimony *pendente lite*, in violation of an order filed 24 May 2000. Defendant argues that his actions were not willful and that he did not have the ability to comply with the order.

In reviewing a trial court's contempt order, the appellate court is limited to determining whether there is competent evidence to support the trial court's findings of fact and whether the findings of fact support the conclusions of law. *Adkins v. Adkins*, 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986).

Here, defendant's current wife testified that she is president of F.M. Sloan Associates, Inc., insurance agency; that defendant is vice-president; that defendant works regularly for the agency; and that due to a notification from the Internal Revenue Service to garnish defendant's wages, defendant has not taken a salary so as not to pay the indebtedness. Defendant's wife also testified that she receives a weekly salary of $650, that she received a profit of $15,000, that the agency hired a third employee at a salary of $400 per week, and that the agency pays defendant's medical bills and $1,213.42 per month on their marital residence. The trial court's findings of defendant's ability to pay the debt and willful failure to pay are clearly supported by the evidence. *See Frank v. Glanville*, 45 N.C. App. 313, 262 S.E.2d 677 (1980) (a person may be guilty of civil contempt if he could take a job which would enable him to make the payments and he fails to do so). These assignments of error are overruled.

## VII. Competent Evidence

Defendant argues that the findings of fact in the contempt order are not supported by competent evidence. Defendant also attempts to argue that the findings of fact in the 24 May 2000 order modifying the alimony *pendente lite* and equitable distribution award are not supported by competent evidence. Defendant failed to appeal from this order and fails to present any supporting argument for his contention. Thus we do not address those assignments of error relating to the 24 May 2000 order. N.C.R. App. P. 28(a) (2001).

With respect to the contempt order, defendant seems to contend that there were two debts against the marital home, thus the trial court's finding that plaintiff "was further directed to assume respon-

SLOAN v. SLOAN

[151 N.C. App. 399 (2002)]

sibility for and pay for what was believed to be the sole indebtedness owing on the marital residence" is not supported by competent evidence. We disagree.

Plaintiff testified that the parties had refinanced the marital home and that she paid what she believed to be the sole indebtedness against the property. Defendant admitted that he subsequently incurred additional debt on the equity line without informing plaintiff or the trial court, and paid on the debt until March of 1999.

Additionally, defendant raises the same argument that the findings of willfulness and ability to pay the alimony *pendente lite* are not supported by competent evidence. We have already concluded that the evidence supported these findings by the trial court, therefore, they are conclusive on appeal. *See Cornelison v. Cornelison*, 47 N.C. App. 91, 93, 266 S.E.2d 707, 709 (1980).

VIII. Conclusion

In summary, we hold that the trial court had jurisdiction over the domestic orders, we affirm the trial court's 24 May 2000 decision to set aside the previous order pursuant to Rule 60(b) and modifying the alimony *pendente lite* award based on substantial change of circumstances, and we affirm the trial court's 15 May 2001 civil contempt order.

Affirmed.

Judges MARTIN and THOMAS concur.