STACY BATTS, JAYQUAN BATTS, and SHAYQUAN BATTS, by and through their Guardian Ad Litem, WILLIAM LEWIS KING, Plaintiffs;
v.
SHAWAN L. BATTS, Defendant, Third-Party Plaintiff;
v.
NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Third-Party Defendant.
No. COA08-522
Court of Appeals of North Carolina.
Filed February 17, 2009
This case not for publication
Taylor Law Office, by W. Earl Taylor, Jr., for plaintiffs-appellee.
Attorney General Roy Cooper, by Special Deputy Attorney General Amar Majmundar, for third-party defendant-appellant.
BRYANT, Judge.
The North Carolina Department of Transportation (DOT) appeals from an order granting Stacy Batts, Rayquan Batts, and Shayquan Batts' (plaintiffs) Rule 60(b)(6) motion for relief from an orderfiled on 24 May 2004 entering judgment notwithstanding the verdict and entering judgment on the verdict. We reverse.

Facts
This action arises out of an automobile accident that occurred on 13 May 2001 in Elm City, North Carolina. Plaintiffs, passengers in a vehicle operated by Shawan Batts (Ms. Batts), were traveling in a westerly direction on West Nash Street when the vehicle collided with another vehicle at the intersection of West Nash Street and North Parker Street. Plaintiffs, injured as a result of the accident, filed suit against Ms. Batts who in turn filed a third-party complaint against DOT seeking indemnity and contribution. Ms. Batts alleged DOT was negligent by failing to keep the stop sign on the right side of the intersection free from obstruction.
This case came on for trial at the 1 March 2004 session of the Civil Superior Court in Wilson County. The jury found both Ms. Batts and DOT to be negligent and awarded damages to plaintiffs. DOT filed a motion for entry of judgment notwithstanding the verdict (JNOV). The trial court entered an order granting DOT's motion on 24 May 2004 on two bases: (1) no evidence was presented that DOT's alleged negligence was the proximate cause of plaintiffs' injuries; and (2) no evidence was presented that DOT had actual or constructive notice of the condition of the stop sign. Plaintiffs appealed to this Court and contended the trialcourt erred in granting DOT's motion.[1] On 7 March 2006, a separate panel of this Court affirmed the trial court's order on the basis that no evidence of constructive or actual notice was presented and declined to reach the second basis on which the trial court entered the JNOV.
During plaintiffs' appeal, a second lawsuit arising out of the same accident was filed against Ms. Batts (the Clayton case). Plaintiffs' attorney also served as counsel in the Clayton case. During the course of discovery, the plaintiffs in the Clayton case requested documents from DOT relating to what notice DOT had of the condition of the stop sign on West Nash Street. In a supplemental response on 30 October 2007, DOT provided an erector's diary page which stated:
5/27/00 5:30
911 called said Branches of trees were in the way of a stop sign at 1339 in Elm City. Put up a temp. stop sign on left side of road up til [sic] branches can be cut.
5/30/00 Went to fix an old stop sign crossing. We couldn't cut the branches so we added a stop sign to the left side of the road at 1339 and 301 Business.
On 2 November 2007, plaintiffs in the present case filed an amended motion pursuant to Rule 60(b)(6) requesting relief from the order entering the JNOV and requesting judgment be granted on the verdict entered by the jury. Plaintiffs' motion was based on the grounds that "extraordinary circumstances exist, justice demands the relief sought and the failure to grant the relief sought amounts to a substantial miscarriage of justice." Plaintiffs contended DOT failed to provide the diary page and denied its existence. Plaintiffs also contended DOT failed to disclose the identity of David Currie, who was the sign erector at the time of the accident.
On 30 January 2008, the trial court entered an order granting plaintiffs' motion and entered judgment on the jury verdict. DOT appeals.
On appeal, DOT presents four arguments: (I) the trial court erred by granting plaintiffs' Rule 60(b) motion when the motion was untimely; (II) the trial court erred by granting plaintiffs' motion when JNOV was entered on two separate bases; (III) the trial court erred by correcting an allegedly erroneous judgment pursuant to Rule 60(b)(6); and (IV) the trial court erred by ordering DOT to pay interest on the judgment.

I
DOT argues the trial court erred by granting plaintiffs' motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) because facts supporting the motion fell within subsections (2) or (3) and as such, the motion was not timely filed. We agree.
We review an order ruling upon a Rule 60(b) motion to determine whether the trial court abused its discretion. State ex rel. Davis v. Adams, 153 N.C. App. 512, 515, 571 S.E.2d 238, 241 (2002). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions aremanifestly unsupported by reason." Id. (quoting Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)).
Rule 60(b) provides in pertinent part:
(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
. . .
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
. . .
(6) Any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
N.C.G.S. § 1A-1, Rule 60(b)(2), (3), (6) (2007).
DOT argues the diary page was newly discovered evidence and the trial court could not grant relief to plaintiffs under Rule 60(b) subsection (6) because the facts supporting the motion more appropriately support one of the other subsections under Rule 60(b). DOT further argues the trial court should have denied plaintiffs' motion under subsection (2) or subsection (3) because the motion was not within the one-year time frame. A motion based upon Rule 60(b) subsection (2) for "newly discovered evidence" or subsection (3) for "fraud" must be made within a reasonable time period and not more than one year after the judgment was entered. N.C.G.S. § 1A-1, Rule 60(b). "The one-year time limitation in N.C.G.S. § 1A-1, Rule 60(b) is an explicit requirement which our Court cannot ignore." Davis, 153 N.C. App. at 515, 571 S.E.2d at 240-41. Here, the diary page was delivered to plaintiffs on 30 October 2007, roughly three years after entry of the JNOV. Plaintiffs' motion is well outside of the one-year time frame pursuant to subsections (2) and (3) of Rule 60(b).
Although plaintiffs styled their motion as pursuant to subsection (6) of Rule 60(b), "Rule 60(b)(6) cannot be the basis for a motion to set aside judgment if the facts supporting it are facts which more appropriately would support one of the five preceding clauses." Bruton v. Sea Captain Properties, Inc., 96 N.C. App. 485, 488, 386 S.E.2d 58, 59-60 (1989). "[A] movant may not be allowed to circumvent the requirements for clauses (b)(1) through (b)(5) by designating their motion as one made under Rule 60(b)(6), which grants relief from a judgment or order for any other reason justifying relief from the operation of the judgment." Id. (quotations omitted); see also, Akzona, Inc. v. Am. Credit Indem. Co., 71 N.C. App. 498, 505, 322 S.E.2d 623, 629 (1984) (expressly refusing to allow moving party to bring motion under Rule 60(b)(6) when motion was actually based on newly discovered evidence); St. Regis of Onslow County v. Johnson, ___ N.C. App.___, ___, 663 S.E.2d 908, 914 (2008) (affirming trial court's order denying Rule 60(b)(6) motion for lack of due process).
Plaintiffs argue the present case is similar to Sloan v. Sloan, 151 N.C. App. 399, 566 S.E.2d 97 (2002), where the plaintiff made a motion under Rule 60(b)(6) to set aside a prior equitable distribution order when she faced foreclosure on her home because the defendant had failed to inform the trial court that he had borrowed against a home equity line of credit. Id. at 402, 566 S.E.2d at 100. However, we find Sloan distinguishable from the present case. Here, the record does not indicate that DOT failed to diligently disclose to plaintiffs all relevant known discovery materials or that DOT knowingly withheld any information. The discovery of the diary page in the subsequent Clayton case could be described, at best, as newly discovered evidence thereby presenting facts that fall within subsection (2) of Rule 60(b). At worst, the discovery could be described as fraud thereby falling under subsection (3) of Rule 60(b). Nevertheless, either instance would require plaintiffs to have presented their motion within one year of the entry of the judgment. Because plaintiffs' motion was made roughly three years after the judgment was entered, their motion should have been denied. Thus, the trial court abused its discretion by granting plaintiffs' motion.
While plaintiffs may view our decision as a harsh result, our legislature when enacting this statute took into account situations such as the one presented by this case and attempted to balance the desire for a just result with the need for finality of judgment ina case by allowing a limited period of time in which a final judgment could be challenged. See Harris v. Harris, 162 N.C. App. 511, 513, 591 S.E.2d 560, 561 (2004) ("The purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments.") (quotations omitted); see also, Estate of Barber v. Guilford Cty. Sheriff's Dep't., 161 N.C. App. 658, 663, 589 S.E.2d 433, 437 (2003); Carter v. Clowers, 102 N.C. App. 247, 254, 401 S.E.2d 662, 666 (1991). Plaintiffs' case falls outside of the time period designated by the legislature. Therefore, for the forgoing reasons, the order of the trial court must be reversed.

II, III & IV
Having determined the trial court erred by granting plaintiffs' motion, we need not address DOT's remaining arguments.
Reversed.
Chief Judge MARTIN and Judge BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] Batts v. Batts, 176 N.C. App. 407, 626 S.E.2d 877 (2006) (unpublished), rev. denied, 360 N.C. 531, 633 S.E.2d 673 (2006).